IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| State of Ohio ex rel. Levert K. Griffin, : | |
| Plaintiff, : | Case No. 2:06-cv-1022 |
| v. : | Judge Marbley |
| Geri M. Smith, Clerk, U.S. District Court, and Augustin F. O'Neil, Esq, : | Magistrate Judge Abel |
| : | |
| Defendants. | |

## Report and Recommendation

Plaintiff brings this petition for a writ of mandamus, initially filed in the Ohio Supreme Court and removed to this Court pursuant to 28 U.S.C §1442 and §1446.  This matter is before the Magistrate Judge for a report and recommendation on Defendant Geri M. Smith's December 13, 2006 motion to dismiss (doc.5) and her January 30, 2007 renewed motion to dismiss (doc. 11).

Plaintiff initially brought an action in the Northern District of Ohio.  Judge Economus dismissed the action under 28 U.S.C. §1915(e).  Thereafter, Plaintiff brought several motions which sought to compel Defendant Smith to process and serve the summons and complaint.  The Court denied these motions and certified that an appeal could not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3).

On November 9, 2006, Plaintiff filed a petition for writ of mandamus against Defendant Smith in her official capacity as the Clerk of Courts for the Northern District

of Ohio. On December 6, 2006, the Clerk removed the case to this Court.

A state court does not have jurisdiction to issue a writ of mandamus to a federal officer. *M'Clung v. Silliman*, 19 U.S. 598, 603 (1821); *Ex parte Shockley*, 17 F.2d 133, 137 (N.D. Ohio). Further, due to the derivative jurisdiction doctrine, if a state court did not have jurisdiction over an action that was then removed to federal court, then the federal court will not have jurisdiction even though it could have had jurisdiction had the action initially been brought in federal court. *See Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co.*, 258 U.S. 377, 382, 66 L. Ed. 671, 42 S. Ct. 349 (1922) ("The jurisdiction of the federal court on removal is, in a limited sense, derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none . . . ."); *see also Purk v. United States*, 1992 U.S. Dist. LEXIS 21240 (S.D. Ohio June 18, 1992); *Newhouse v. Hansen*, 2006 U.S. Dist. LEXIS 64660 (N.D. Ohio September 7, 2006). In 1996, Congress abolished the doctrine of derivative jurisdiction for causes of action removed pursuant to 28 U.S.C. 1441, but did not extend this to cases removed pursuant to 28 U.S.C. 1442. *See Moreland v. Van Buren GMC*, 93 F. Supp. 2d 346, 350 (D.N.Y. 1999).

Here, when this case was removed to this Court, the Ohio Supreme Court had no jurisdiction to hear it as involved a writ of mandamus to a federal officer. Thus, this Court does not have jurisdiction to hear this case either. As such, Defendant Smith must be dismissed from the action.

V. Conclusions

For the reasons stated above, the Magistrate Judge finds that Defendant Geri M. Smith's December 13, 2006 motion to dismiss (doc. 5) and her January 30, 2007 renewed motion to dismiss (doc. 11) are meritorious and, therefore, RECOMMENDS that they be GRANTED.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge